IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BILL ADAM SANDERS,**

    Petitioner,

    vs.                              Civil Action 2:12-cv-0423
                                    Judge Sargus
                                    Magistrate Judge King

**WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION,**

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1995 conviction in the Pickaway County Court of Common Pleas. This matter is now before the Court on its own motion pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court concludes that the petition is untimely.

Petitioner was convicted in March 1995, following a jury trial, on three counts of attempted murder in violation of O.R.C. § 2923.02, with firearms specifications. *Entry of Conviction on Jury Verdict*, attached to *Petition*, Doc. No. 1. Petitioner was sentenced to a term of imprisonment ranging from 8 to 25 years on each count, and to two 3-year terms of imprisonment in connection with the gun specifications, all to be served consecutively. *Entry of Sentencing*, attached to *Petition*.

Petitioner asserts in the *Petition* that he pursued an appeal from that conviction to the Ohio 4th District Court of Appeals, raising the issues of ineffective assistance of counsel and denial of a speedy trial, but that he did not pursue an appeal to the Ohio Supreme Court. *Petition*, p. 2.

In the *Petition*, petitioner claims that he is in custody in violation of the United States Constitution and federal law because his

"commitment papers" are void. Specifically, petitioner alleges that venue in Pickaway County was improper, that he was denied a speedy trial and that the state failed to disclose evidence favorable to his defense. Petitioner acknowledges that these claims have never been presented to any state court. *Petition*, pp. 7, 10.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions.

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2254(d).

It is unclear, from the information contained in the *Petition*, when petitioner's convictions became final. Assuming that his convictions became final before the effective date of the AEDPA on April 24, 1996, petitioner had until April 24, 1997 to file his habeas petition. *See*

*Austin v. Mitchell*, 200 F.3d 391 (6th Cir. 1999). Assuming that his convictions became final after the effective date of the AEDPA, petitioner had one (1) year in which to file his petition. 28 U.S.C. § 2254(d)(1)(A). Still, petitioner waited more than a decade, until May 16, 2012, to pursue federal habeas corpus relief. Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue here. *See Jurado v. Burt,* 337 F.3d 638, 643 (6th Cir. 2003).

It is therefore **RECOMMENDED** that the *Petition* be dismissed as untimely.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Norah McCann King
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

May 17, 2012
(Date)